learned that the bill of sale was void because not recorded, and sold him the property without complying with the Bulk Sales Law, and the latter paid off the second mortgage and then sold the property to a third person, *held* that the sale to the defendant was void for noncompliance with the Bulk Sales Law, and that in a chancery suit against him a personal decree could be rendered in favor of the plaintiff for the amount due him under his bill of sale.

McBride, J., having tried this case in the court below, took no part on the hearing in this court.

---

## A. Pixley, Appellant, v. John Swail, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Lawrence county; the Hon. Enoch E. Newlin, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

### Statement of the Case.

Action by A. Pixley, the assignee of two notes purporting to have been signed by the defendant, John Swail, who denied the execution thereof. From a judgment in favor of the defendant, the plaintiff appeals.

The evidence as to the execution of the notes was conflicting. That of the plaintiff was to the effect that they were signed by the defendant, and that his signature was subsequently acknowledged before witnesses, who testified to that fact. The defendant testified that he did not sign the notes and denied that he ever acknowledged his signatures or requested any person to witness them. He also introduced the testimony of seven witnesses, six of them bank officials, who testified that they were familiar with the defendant's handwriting, and that the names attached to the notes were not his signatures.

S. J. GEE, for appellant.

B. O. SUMNER and McGAUGHEY & TOHILL, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. BILLS AND NOTES, § 408*—*burden of proving execution of note.* In an action on a note where the defendant files a sworn plea denying its execution, the burden is on the plaintiff either to prove that the defendant signed the note, or acknowledged before witnesses that the signature was his.

2. APPEAL AND ERROR, § 1411*—*when verdict on conflicting evidence not disturbed.* The verdict of a jury based on conflicting evidence will not be disturbed although not in favor of the party producing the greatest number of witnesses.

3. BILLS AND NOTES, § 441*—*sufficiency of evidence as to signature of maker.* A verdict in favor of the defendant in an action on a note will not be disturbed where the evidence pertaining to the genuineness of his signature is conflicting.

4. BILLS AND NOTES, § 431*—*what instruments may be used for comparison of disputed signature.* The fact that a motion and affidavit filed in a cause and bearing the signature of the defendant were shown expert witnesses who testified in relation to the genuineness of his signature to a note, *held* not erroneous.